**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS<br>4115 Chesapeake Street, N.W.<br>Washington, D.C. 20016,<br><br>        Plaintiff,<br><br>  v.<br><br>GATEWAY HOSE & FITTINGS LLC<br>6577 Romiss Court<br>Berkeley, Missouri 63134,<br><br>  Serve: Registered Agent<br>      David Menke<br>      6577 Romiss Court<br>      Berkeley, Missouri 63134,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND AND FOR EQUITABLE RELIEF)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1. Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is

maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael A. Crabtree, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant Gateway Hose & Fittings LLC is a Missouri limited liability company with an office located at 6577 Romiss Court, in Berkeley, Missouri, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and a trust agreement and for equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant has been bound at all relevant times to a collective bargaining agreement with the International Union of Operating Engineers Local 513, AFL-CIO ("Agreement") that

governs the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant within the jurisdiction of the Local Union.

7. Pursuant to the Agreement the Defendant agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by or paid to employees of the Defendant performing work covered by the Agreement.

8. During the period of August 2016 to the present the Defendant employed employees performing work covered by the Agreement.

9. During the period of August 2016 to the present, Defendant failed to pay all contributions owing to the Central Pension Fund as required by the Agreement.

10. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS OWED TO EMPLOYEE BENEFIT FUNDS)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. The Defendant has failed to report and pay contributions owed to the Plaintiff as required by the Agreement for the months of August 2016 through the present, with the exception of

July 2018. The exact amount of contributions due is unknown, but is estimated to be approximately $76,818.00 for the period of August 2016 through June 2018, and August 2018 through March 2019.

15. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreement and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

16. Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiff.

17. The Plaintiff is entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

18. The Plaintiff will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## **COUNT II**

### **(AUDIT)**

19. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth in this Count II.

20. The Defendant has not reported hours to the Plaintiff and paid contributions to the Plaintiff for the period of August 2016 through the present, with the exception of July 2018. As such, the Defendant is known to have failed to report hours and pay contributions for employees working under Agreement during that period.

21. An audit of the Defendant's records for the period of August 2016 through the date such an audit can be completed will permit the Plaintiff to determine the number of hours worked by Defendant's employees and the amount of contributions owed to the Plaintiff under the Agreement.

22. Under the terms of the Plaintiff's Restated Agreements and Declarations of Trust and the Agreement Plaintiff is entitled to conduct an audit of Defendant's records, at the Defendant's expense.

**WHEREFORE,** Plaintiff prays judgment for Counts I and II against Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiff for unreported work performed pursuant to the Agreement during the months of August 2016 through the present.

B. For a Court Order requiring Defendant to submit all necessary books and records to Plaintiffs for an audit at the Defendant's expense for the period August 2016 through the date an audit can be completed.

C. For liquidated damages and interest for any late paid and unpaid contributions owed as provided for in the Agreement and Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

D. For such contributions, interest and liquidated damages that may accrue and/or are found to be due and owing to the Plaintiff subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment pursuant to the Agreement, Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2).

E. Costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2), the Agreement and the Restated Agreement and Declaration of Trust through the date of judgment.

F. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: <u>March 19, 2019</u>         **O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com


By:   <u>/s/ Charles W. Gilligan</u>
Charles W. Gilligan (Bar No. 394710)

*Attorney for the Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 19th day of March, 2019, on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>     Plan Benefits Security

__/s/ Charles W. Gilligan___
Charles W. Gilligan
